UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
A & J PRODUCE CORP.,

                Plaintiff,

- against -

MARCHELLA, LLC, MARK ARONBAYEV
and JONNY Y. BASH,

                Defendants.
-------------------------------------------------------------X

Case No. 14-cv-1780 (JFB)

**STIPULATION AND ORDER**

Plaintiff A & J Produce Corp. ("Plaintiff" or "A&J"), and Defendants Marchella, LLC ("Marchella") and Mark Aronbayev ("Aronbayev") (collectively, "Defendants"), by and through their undersigned attorneys, agree and stipulate to the following:

    1.    Plaintiff is a qualified trust creditor and beneficiary under the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*, of Defendants, jointly and severally, for a debt in the principal amount of $22,243.50, plus reasonable attorneys' fees and legal expenses incurred by Plaintiff in the amount of $3,000.00 for a total debt under PACA in the amount of $25,243.50 (the "PACA Trust Debt").

    2.    For full and final satisfaction of Plaintiff's claims, subject to the terms and conditions of this Stipulation and Order, Defendants Marchella and Aronbayev shall pay to Plaintiff the PACA Trust Debt of $25,243.50 as follows: $1,243.50 upon entry of this Stipulation and Order; and the balance in separate, equal monthly installments of $3,000.00 commencing on May 26, 2014 and continuing on the twenty-sixth day of each month thereafter until the PACA trust debt is paid in full. All payments under this Stipulation and Order shall be paid so as to be received on or before 3:00 PM on the date due, TIME BEING OF THE ESSENCE. All payments shall be made by bank check, money order or wire transfer and shall be paid so as

to be received by Plaintiff or its attorney on or before the date and time payment is due. All payments shall be made payable to A&J Produce Corp and delivered to A&J Produce Corp., 138-144 Hunts Point Terminal Market, Bronx, New York 10474

3. In the event Defendants default in any of their payment obligations as set forth in Paragraph 2 above, Defendants shall have the right to cure such default by paying the amount due within four (4) days after notice of such default is sent to Defendants' counsel via email at samyusupov@gmail.com. Notwithstanding the foregoing, Defendants' right to cure a default in making the payments as provided hereinabove shall be limited to two (2) such occurrences, and this provision is of the essence. In the event that a default occurs because the funds necessary to honor the payment are unavailable or insufficient for any reason, Defendants' curative payment shall include all charges assessed by any financial institution as a consequence of the unavailability of the required funds.

4. In the event that Defendants default in any of their payment obligations as set forth in Paragraph 2 above, and either fail to timely cure or are not permitted to cure in accordance with Paragraph 3 above, then upon the filing of a declaration as to such default by Plaintiff's attorney with the Court with a copy thereof to Defendants' counsel, this Court shall immediately enter a Final Order and Judgment in the form attached hereto as Exhibit A. The judgment amount prescribed in the Final Order and Judgment in favor of Plaintiff and against Defendants Marchella, and Aronbayev, jointly and severally, shall be the amount of the PACA Trust Debt prescribed in Paragraph 1 above plus any additional attorneys' fees and costs incurred by Plaintiffs as a result of Defendants' default(s), plus all interest accrued at the rate of 1.5% per annum, less any payments made to Plaintiffs pursuant to this Stipulation and Order.

5. The Parties' agreement to the payments set forth in Paragraph 2 above is without prejudice to Plaintiff's standing as a qualified PACA trust creditor and beneficiary as set forth in Paragraph 1 above and nothing herein shall be deemed a waiver of those rights as contemplated by 7 C.F.R. 46.46(c)(2) and 7 C.F.R. 46.46(e)(3). The original credit terms between the Parties are not intended to be modified, nor are they modified by this Settlement Agreement. Nothing herein, nor the installment nature of the payments being made hereunder, shall be deemed, interpreted or otherwise construed as an extension of credit by Plaintiff to Defendants, nor as a waiver of Plaintiff's rights under the PACA statutory trust as set forth in 7 U.S.C. § 499e(c), and Plaintiff's rights under this Settlement Agreement are in addition to its rights under said trust.

6. This Stipulation and Order may be executed by the Parties, or by the Parties' authorized counsel acting with active authority from their principal, in Counterparts, and collectively all signed Counterparts represent one agreement. Facsimile signatures shall be deemed originals for all purposes.

7. The Parties acknowledge having had a sufficient opportunity to discuss this Stipulation and Order with their respective attorneys, and having availed themselves of that opportunity to the extent they desired to do so.

8. The Court shall retain jurisdiction over this action and the parties during the pendency of the application of this Stipulation and Order in order to enforce the terms and conditions hereof.

9. Defendant Jonny Y. Bash is hereby dismissed from this case as a party defendant without prejudice and without costs.

10. This case shall be administratively closed, but may be reopened to enforce the terms and conditions of the Stipulation and Order without further costs or fees.

11. This Stipulation and Order constitutes the entire understanding of the Parties and may not be changed unless in a written agreement signed by all parties or their representatives.

**IT IS SO AGREED AND APPROVED AS TO FORM AND CONTENT:**

Dated this 23 day of April, 2014.

<u>Attorneys for Plaintiff</u>
**McCARRON & DIESS**

By: _____
Gregory Brown
707 Walt Whitman Road, Second Floor
Melville, New York 11747
(631) 425-8110
gbrown@mccarronlaw.com

<u>Defendants</u>
**MARCHELLA, LLC**

By: _____
Sam Yusupov, Esq.
Attorney for Defendants
141-40 Union Turnpike
Flushing, NY 11367
(718) 404-9696
samyusupov@gmail.com

_____
Mark Aronbayev, individually

*The Clerk of the Court shall close the case.*

**SO ORDERED:**

ENTERED this 24th day of April, 2014.

s/ Joseph F. Bianco

- 4 -